LOOKOUT KNITTING MILLS *v.* EDWARD S. REID *et al.*[*]

(*Nashville,* December Term, 1922.)

1. **PLEADING.** Plea to jurisdiction overruled for insufficiency may be amended.

After a plea in abatement questioning the jurisdiction of the court has been overruled for insufficiency, it may under the statute of jeofails (Thompson's-Shannon's Code, sections 4583, 4587) be amended notwithstanding section 6205, providing, "upon a plea or demurrer argued and overruled, no other plea or demurrer shall be received, but the defendant shall answer," an amended plea to the jurisdiction being not within the mischief intended to be remedied by that section. (*Post, pp.* 404-406.)

Cases cited and approved: Brien v. Marsh, 1 Tenn. Ch., 625; Whittaker v. Whittaker, 78 Tenn., 99.

Codes cited and construed: Secs. 4583, 4587, 6128, 6129, 6205, (T.-S.).

2. **PLEADING.** Plea in abatement held not double.

A plea in abatement containing a denial that the funds garnished were defendant's property, and alleging ownership in the garnishee, *held* not double, since no matters, however multifarious, will make a pleading double if together they constitute but one connected proposition or entire point. (*Post, pp.* 406-408.)

Cases cited and approved: Waggoner v. White, 58 Tenn., 741; Pilcher v. Hart, 20 Tenn., 524.

3. **PLEADING.** Failure to allege non-ownership of property within jurisdiction not fatal to plea in abatement questioning jurisdiction.

A plea in abatement denying the jurisdiction of the court, and al-

---

[*]As to garnishment of debt evidenced by negotiable paper, see note in L. R. A., 1918C, 731.

Lookout Knitting Mills v. Reid.

leging certain garnished funds did not belong to defendant, but to another, *held* not insufficient for failure to allege defendant had no other property within the jurisdiction, or that defendant had not received any funds from the garnishee since commencement of the suit. (*Post, pp.* 408, 409.)

4. **CARRIERS.** Funds paid for shipments made under draft and bill of lading subsequently sold to bank held not subject to garnishment.

A purchaser of yarn under contract providing for regular shipments was garnished by one suing the seller, and enjoined from making further payments at a time when nothing was owing. The seller thereupon declined to make further shipments, and the contract was modified so that an advance payment was made for one shipment and others were made through a bank by draft with bill of lading attached, which was discounted and sold outright to the bank. *Held*, that the garnishee was not required to insist upon strict performance of the contract, and that, since the bank purchased the draft outright, the fund paid upon delivery of the yarn belonged to it, and was not subject to garnishment. (*Post, pp.* 409, 410.)

Case cited and approved: Implement Co. v. Bank, 128 Tenn., 320.

## FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. Hon. W. B. Garvin, Chancellor.

Miller & Miller, for appellant.

Strang & Fletcher, S. B. Smith and Cantrell; Meacham & Moon, for appellees.

MR. JUSTICE GREEN delivered the opinion of the court.

The complainant filed this bill to recover damages for breach of contract to supply it with certain yarns. The contract was averted to have been made with defendant Reid acting as broker for the Ft. Valley Cotton Mills, a Georgia corporation. The original bill sought to attach by garnishment certain funds charged to be due from the Signal Knitting Mills, a Tennessee corporation located at Chattanooga, to the Ft. Valley Cotton Mills. An attachment was issued, and also an injunction prohibiting the Signal Knitting Mills from paying any debt due or to become due to defendant Ft. Valley Cotton Mills.

The Signal Knitting Mills answered that it was not indebted in any sum to the Ft. Valley Cotton Mills. The original bill was filed December 10, 1919. The complainant filed an amended and supplemental bill on May 18, 1920, reiterating the charges of the original bill, and adding as defendants the Hamilton National Bank of Chattanooga and the Citizens' Bank of Ft. Valley, Ga. It was averred that there was a sum of money on deposit in the Hamilton National Bank to the credit of the Citizens' Bank of Ft. Valley, Ga., but that said fund in reality belonged to Ft. Valley Cotton Mills, and it was sought to impound this fund as the property of the Ft. Valley Cotton Mills, and attachment accordingly issued and was levied on said fund in the Hamilton National Bank.

The Hamilton National Bank answered, stating that it had said fund on deposit to the credit of the Georgia bank, and submitted itself to the orders of the court in respect thereto. The Citizens' Bank of Ft. Valley, Ga., answered, and averred that the fund attached belonged to it; that it represented the proceeds of a draft which

147 Tenn.—26

the Ft. Valley Cotton Mills had drawn on a shipment of yarn made to Chattanooga; that a bill of lading for this yarn was attached to the draft; that the shipment was made to the order of the Citizens' Bank of Ft. Valley, Ga., at Chattanooga, with directions to notify the Signal Knitting Mills; and that the Signal Knitting Mills had paid this draft and obtained the bill of lading for the yarn. The Citizens' Bank of Ft. Valley, Ga., further stated in its answer that it had purchased this draft in due course of business for the usual discount, and that it was an innocent holder thereof for value, and that the yarn and proceeds of the draft belonged to it.

The Ft. Valley Cotton Mills filed a plea in abatement as follows:

### "Plea for Abatement.

"Comes the defendant Ft. Valley Cotton Mills for the sole and only purpose of questioning this court's jurisdiction in the above-styled cause by plea in abatement, and for plea in abatement to the attachment sued out and levied in this cause upon a fund in the hands of the Hamilton National Bank says, that the property upon which the attachment was levied, the fund impounded by attachment in the hands of the Hamilton National Bank, which fund is the proceeds of a draft, was not, at the time of the said levy and impounding, and has never been, the property of this defendant. Wherefore it prays that said attachment be abated and quashed.

"[Signed] FT. VALLEY COTTON MILLS,

"By C. J. DAVIS.

"CANTRELL, MEACHAM & MOON, Solicitors.
"State of Georgia, County of Houston.
"Comes C. J. Davis, who, being first duly sworn, makes

oath and says that he is secretary of the Ft. Valley Cotton Mills, and duly authorized in the premises; that he has read the foregoing plea, knows the contents thereof, and that said plea is true in substance and in fact.

[Signed]   C. J. DAVIS.

"Sworn to and subscribed before me this June 18, 1920.

"W. R. FULLER, Notary Public.

"My commission expires 9—13—1923."

The complainant had the plea set down for hearing as to its sufficiency, and the plea was overruled by the chancellor because it did not go to the whole attachment, only going to the fund in the hands of the bank, and saying nothing about any indebtedness of the Signal Knitting Mills to the Ft. Valley Cotton Mills. The chancellor was further of opinion that the plea was insufficient because it did not meet the charge of fraudulent conspiracy which the amended bill made to the effect. that the proceeds of the draft in truth belonged to the Ft. Valley Cotton Mills, and that the transaction was handled in the name of the Citizens' Bank of Ft. Valley, Ga., to cover up and conceal the fund from creditors of the Ft. Valley Cotton Mills.

The plea in abatement was overruled July 21, 1920. On July 31st following, leave was asked of the court to file a motion to amend the plea in abatement, and an order permitting this motion to amend to be filed was entered on the same day.

A later order was entered December 18, 1920, allowing an amended plea in abatement to be filed upon terms, and said amended plea in abatement was filed December 22, 1920. The motion to file an amended plea was resisted and the affidavit of counsel for the Ft. Valley Cotton Mills in support of the amended plea stated that the delay in

calling up the motion was due "to conflicting engagements of counsel, who have agreed that the matter might be passed." The statement as to the reason for this delay is nowhere controverted in the record.

The second plea was attacked by motion as insufficient for reasons that will be hereafter noted. It was, however, sustained by the chancellor. Complainant joined issue on the amended plea, and proof was taken. This proof, while primarily taken on the issue tendered by the amended plea in abatement, in reality covered the issues raised by the other pleadings, namely, by the answer of the Citizens' Bank of Ft. Valley, Ga., and by the answer of the Signal Knitting Mills. All the issues were identical. They were two: (1) Who owned the fund attached in the Hamilton National Bank? (2) Did the Signal Knitting Mills at the time of the filing of the original bill or thereafter owe any sum of money to the Ft. Valley Cotton Mills?

Upon a consideration of the proof the chancellor found these issues against the complainant, and dismissed its bill. Complainant thereafter applied for leave to file an amended and supplemental bill, which was refused.

The complainant then appealed to this court, and has assigned numerous errors.

It is first insisted that the chancellor erred in permitting the second, or amended plea in abatement to be filed. It is contended that such practice is prohibited by statute, and further that a plea in abatement is not amendable in substance as a matter of law.

Our statutes of jeofails seems to answer this. They are:

"No summons, writ, pleading, process, return, or other proceedings in any civil action in any court, shall be abated

or quashed for any defect, omission, or imperfection."
Thompson's-Shannon's Code, section 4583.

"The court may allow material amendments at any stage
of the proceedings, upon such terms. and subject to such
rules, as it may prescribe." Thompson's-Shannon's Code,
section 4587.

These statutes authorize the amendment of any plead-
ing and authorize material amendments at any stage upon
terms, etc.

Section 6205, Thompson's-Shannon's Code, providing,
"Upon a plea or demurrer argued and overruled, no other
plea or demurrer shall be received, but the defendant shall
answer the allegations of the bill," etc., is not applicable
to the situation presented here. The manifest purpose of
this section is to prevent delay, and a plea to the jurisdic-
tion is not a dilatory plea. Other matters in a plea held
insufficient may be relied on in the answer. *Brien* v.
*Marsh,* 1 Tenn. Ch., 625; *Whittaker* v. *Whittaker,* 10 Lea
(78 Tenn.), 99. The jurisdiction of the court, however,
cannot be challenged by answer (Thompson's-Shannon's
Code, sections 6128, 6129), but an answer after an insuffi-
cient plea overruled would foreclose the question of juris-
diction. The plea, being insufficient, would be of no more
help on appeal than below.

To hold that an imperfect plea to the jurisdiction could
not be amended would therefore be to deny to the unfor-
tunate pleader all opportunity to correct a "defect, omis-
sion or imperfection" and to brush aside section 4583,
Thompson's-Shannon's Code.

To harmonize the Code sections quoted (Thompson's
Shannon's Code, sections 4583, 4587, and 6205) we must
hold that an amended plea to the jurisdiction is not with-

in the mischief intended to be remedied by section 6205, and therefore not within its prohibition. Chancellor Gibson says no reason occurs why such a plea should be disfavored.

"Surely a court does not want to exercise an unlawful jurisdiction, and all a plea in abatement undertakes to do is to show the court that it has no lawful jurisdiction in the case; and this showing the defendant had the right to make, and when made the court should impartially consider it." Gibson's Suits in Chancery, section 254, note 39.

Chancellor Gibson also expresses the opinion that the statutes allowing amendments apply to pleas in abatement with as much force as to any other pleas. Id.

But it is said that the amended plea, if properly filed, was insufficient in form and substance, and the chancellor errer in holding to the contrary. This contention makes it necessary to set out said amended plea.

"Amended Plea in Abatement.

"Comes defendant Ft. Valley Cotton Mills by leave of court first had and received, and amends the plea in abatement heretofore filed herein, so that said plea in abatement shall read as follows:

"Comes the defendant Ft. Valley Cotton Mills for the sole and only purpose of questioning this court's jurisdiction in the above-styled cause by plea in abatement to the attachment sued out and levied herein.

"1. By garnishment upon the Signal Knitting Mills. As to this garnishment defendant says that at the time of said garnishment and never since said time has the said Signal Knitting Mills owed this defendant any sum of money or any property whatsoever.

"2. And for plea in abatement to the attachment sued out and levied in this cause upon a fund in the hands of the Hamilton National Bank says that the property upon which the attachment was levied, the fund impounded by attachment in the hands of the Hamilton National Bank, which fund is the proceeds of a draft, was not, at the time of the said levy and impounding, and has never since been, the property of this defendant.

"And defendant says that it transferred and sold the bill of lading and account of the Signal Knitting Mills to the defendant Citizens' Bank of Ft. Valley, in due course of trade and for full value before maturity, without collusion or fraud, and that the funds arising from such sale were, at the time of the garnishment of the Hamilton National Bank, and ever since have been, the property of said Citizens' Bank of Ft. Valley, and not of this defendant.

"Wherefore defendant prays that said attachment be abated and quashed.

"FT. VALLEY COTTON MILLS,

"By C. J. DAVIS.

"Sam'l B. Smith, Solicitor.

"State of Georgia, County of Houston.

"Comes C. J. Davis, who, being first duly sworn, makes oath and says that he is secretary of the Ft. Valley Cotton Mills, and duly authorized in the premises; that he has read the foregoing plea, knows the contents thereof, and that said plea is true in substance and in fact.

"C. J. DAVIS.

"Sworn to and subscribed before me this July 3, 1920.

"[Seal] E. G. CLARK."

It is argued that the plea is double, in that it presents (1) as a negative issue a denial that the funds garnished and attached were the property of defendant, and (2) the

independent affirmative allegation that the fund impounded in the Hamilton National Bank was at the time of the garnishment, and ever since has been, the property of the Citizens' Bank of Ft. Valley, Ga.

This criticism is not well made. The point of the plea —the proposition asserted—was that the defendant had parted with the property; that the property no longer belonged to defendant, but to another, at the time of the attachment. This is a single proposition, and all the averments of the plea are connected with and are a part of this proposition.

"No matters, however multifarious, will operate to make a pleading double that together constitute but one connected proposition or entire point. . . . This qualification of the rule against duplicity applies not only to pleadings in confession and avoidance, but to traverses also; so that a man may deny as well as affirm in pleading any number of circumstances that together form but a single point or proposition." Stephen on Pleading, star pp. 262, 263.

See, to the same effect, *Waggoner* v. *White,* 11 Heisk., 741; *Pilcher* v. *Hart,* 1 Humph., 524.

It is further maintained that the amended plea was insufficient in substance because it did not deny that the pleader had other property in this jurisdiction subject to attachment when suit was begun, nor that it had received from the Signal Knitting Mills, the garnishee, any property, money, or effects in the meantime. We think such averments were not necessary. It was not material in consideration of this plea to the jurisdiction whether the defendant had other property in this State, so long as such property was not attached, nor was it material

whether it had received from the Signal Knitting Mills any money, provided this money was not in payment of an indebtedness due it from the Signal Knitting Mills.

The next assignment of error goes to the issues of fact made upon the amended plea in abatement, likewise raised by the answers of the other defendants.

The proof does show that the Signal Knitting Mills and Ft. Valley Cotton Mills had certain existing contracts when this litigation was begun, whereby the former was to purchase from the latter large quantities of yarn. This yarn was to be shipped upon straight bill of lading with a discount off for cash. At the time garnishment was served on the Signal Knitting Mills it owed the Ft. Valley Cotton Mills nothing, but in the ordinary course of business would have become indebted to the Ft. Valley Cotton Mills for yarns thereafter to be shipped to it. Learning of the garnishment the Ft. Valley Cotton Mills declined to make any further shipments on the previous terms. The Signal Knitting Mills desired the yarn, and required it in its business, so that it agreed, apparently, to a change in the terms of its contracts. For one shipment thereafter made the Ft. Valley Cotton Mills required the Signal Knitting Mills to pay in advance. Other shipments appear to have been made through the Citizens' Bank of Ft. Valley, Ga., the cotton mills discounting a draft, with bill of lading attached, to the bank, and the shipment being made to the order of the bank at Chattanooga, with directions to notify Signal Knitting Mills.

The attachment and injunction issued herein prevented the Signal Knitting Mills from paying over "any debt due or to become due to defendant Ft. Valley Cotton Mills, and to retain in its possession all property of said Ft. Valley Cotton Mills."

We think no blame can attach to the Signal Knitting Mills for its conduct in this matter. It was under no obligation to discommode itself or file a bill for specific performance of its contracts with the Ft. Valley Cotton Mills in order that it might incur an indebtedness to the Ft. Valley Cotton Mills for the benefit of the complainant. The Ft. Valley Cotton Mills would not ship on the old terms, and the Signal Knitting Mills had a right to make another arrangement. The Signal Knitting Mills never became indebted to the Ft. Valley Cotton Mills after the bill herein was filed. The knitting mills thereafter had to pay for all goods before it received them, and there was not at any time any debt due subject to complainant's demands.

We think the proof shows a bona fide transaction between the Ft. Valley Cotton Mills and the Citizens' Bank of Ft. Valley, whereby the bank purchased for value in good faith the draft with bill of lading attached, the proceeds of which were levied upon herein. The testimony taken goes to show that the bank bought the draft outright, and that there was no agreement to charge it back to the Ft. Valley Cotton Mills if it had not been paid. *Implement Co.* v. *Bank,* 128 Tenn.. 320, 160 S. W., 848, is therefore not in point.

We see no error in the refusal of the chancellor to permit another amended bill after final decree.

It is useless to discuss the animadversions upon the course of the Ft. Valley Cotton Mills. Since we have no jurisdiction of this corporation, and are helpless in the premises, it would not avail to appraise the merit of complainant's strictures upon this Georgia concern.

The decree of the chancellor is affirmed.